Case number 20-1140 David Cameron v. Randee Rewerts, arguments not to exceed 15 minutes per side. Mr. Shulman, you may proceed for the appellant. Morning, may it please the court. My name is Sanford Shulman and I represent the petitioner David Cameron and I'm going to ask to reserve three minutes for rebuttal. Very well, you may proceed. Thank you. This case presents itself with the classic example of each party framing the issue in a way that uses the same facts and procedural history. The petitioner maintains that the issue really is whether he should have been afforded the and in underlying all this is an issue both that was certified for a certificate of appealability on the ineffectiveness of the trial attorney. But I want to focus our issue on the opportunity of the defendant or the petitioner to withdraw his plea, to draw his right to proceed by a bench trial. And on April 6, 2011, he appeared before the trial court and he was asked whether he wants to proceed by jury or judge. And he consented to a trial by a judge. And there's no issue whether it was done freely or voluntarily. What we maintain is that it really wasn't done knowingly. Because within 60 days later, the government submitted a 10-page affidavit, which presented a whole bunch of facts that made the lay of the land very different than at the time of his waiver. And then in August, two months after that, he appeared for his bench trial and his trial court attorney was obviously distraught by the situation and said that there was that application for a search warrant, calling him a drug dealer and a money launder. And that he didn't have any justification for that. And he said that had he known about that prior to the trial waiver, he never would have consented to a bench trial. Now, the events he complains about occurred subsequently his trial waiver. Isn't that right? That's correct. The application for the search warrant and all that? Yes. If I understand your question correctly, yes. April 6 was the waiver and then two months later was the affidavit in support of the search warrant. And then two months after that was the bench warrant. So that was the history of it. He's claiming that when the search warrant was applied for, he should have been at that time given an opportunity to he should have been advised of the search warrant procedure and factored that into whatever position he wanted to take thereafter. What exactly is his complaint there? Well, I'd say a lot of both, meaning that at the time of this 10-page affidavit, he had already waived his right to a jury trial. And now the trial court judge is presumably reading this information. And at that point forward from June 12, all the way to the trial date, that's the time period, whether on that date or later, the trial court judge should have just had a colloquy with him and said, listen, I want you to know I read this affidavit and your attorney has got a problem with it. He specifically says, I never would have waived a jury. The analogy would be if the judge had found a witness list, and I've seen this myself as a practitioner, the judge looks at the witness list and says, you know what, one of these witnesses is my ex-brother-in-law. Does either side have a problem? Because in Michigan, either side can demand a jury. Well, the defendant at that time could not have been told about the search warrant pending or the application for the search warrant because that would have given him an opportunity to conceal evidence or destroy evidence. So he couldn't have been told that search was forthcoming based on the search warrant. So what is your complaint that after the search occurred, he should have been hauled back into court and at that time given an opportunity to withdraw his waiver? Or what are you suggesting? Yes, the application for the search warrant. We're not contesting that, but that triggered a new series of information that the court was now provided with. It would be similar to the court later finding out that he knows one of the witnesses or a juror. I had once a juror who sees a witness comes in and says, you know what, I didn't recognize the name, but I now I recognize the face. And then the court will say, we need to address that. Maybe we'll make that an alternate juror. Well, you know, one problem with the argument is that if a trial judge knows or finds out that a defendant has a criminal record or is not a nice person, however, the trial judge finds that out, the consequence would be that he couldn't serve as trial judge, even though judges are only to take into account or consider for mistrial admissible evidence. That would be a pretty unworkable rule, wouldn't it? That if a judge found out that a person had problems in his past, the defendant would be that that just wouldn't work, would it? No, it wouldn't. And it's not as simple as that. It wasn't simply a disclosure of a prior criminal history. It was an allegation of completely unrelated to the case regarding drug dealing and money laundering. The case in chief had nothing to do with those factors. And had it would have been a jury trial, it would have been very unlikely a jury would ever have heard that. And we don't really believe the issue is necessarily biased per se. The question is whether now with that new quote information, does the defendant have at least the right to revisit his waiver? He might have said at the time of the trial, I'm OK with it. Let's move forward. And that often happens. This is before us on habeas where the Supreme Court has said that in bench trials, and I'm quoting, judges routinely hear admissible evidence that they are presumed to ignore. The judge here said he ignored it. That was accepted. How do we now displace that without clearly established Supreme Court case law saying a judge has an independent obligation to advise his client any time he learns or she learns of unfavorable evidence? I mean, that case doesn't exist. Well, yeah, the issue is not necessarily the bias issue. It's more of the procedural fairness issue. So I understand the Supreme Court has said you have an absolute right to a jury trial. And when he is waiving that absolute right by presuming that the judge is going to be fair. And so let me ask you this. Is this judge any time he learns facts that are inadmissible? Is there a case saying he then has to re-advise a defendant about his waiver? Not in every single case, of course not. However, when you have a situation that. What Supreme Court case stands for that proposition or anything close to it? Well, just the presumption that you have a right to a jury trial. And if you waive it, it has to be knowingly and freely done. I mean, it goes back to the, you know. I'm not sure why it's not knowingly and freely done at the time. And then the Supreme Court case law says, look, in bench trials, judges learn of all kinds of unworkable evidence to or inadmissible evidence to Judge Clay's point that would form the basis anytime a judge signed a search warrant for a motion to recuse before a judge decided a motion to suppress, which to me makes more sense than this. But we know the Supreme Court has specifically said that's not permitted. Yes, well, yes, in terms of. So when you look at the issue from the court bench's view outward, looking at the way you presented it, yeah, the court is presumed to be unbiased, and they certainly hear things that are inadmissible. But when you talk about the time of waiving your jury trial, what was the landscape at that point? If he's doing it to delay or something like that, the court has some discretion, of course, saying, listen, this is just a delay tactic. But when you have a situation where if he was related to a witness, or in this case, he's get 10 pages of affidavits, and then his attorney stands up and says, listen, whoa, that was not the way we thought we were coming into this trial. We, you know, even jurors are, you know, there's a process of asking them questions and voir dire process to weed out that. The Supreme Court tells us to treat judges differently, and we've always done it. And in fact, they say judges can ignore inadmissible evidence and still conduct a fair bench trial. So there's no due process concerns. And here the judge said, I don't even remember it, which isn't unrealistic in a state court where they're signing 10 of these a day or whatever. It's not. I mean, when I was a trial judge, I didn't remember a search warrant I signed three months before. Trial judges, unlike appeals judges, are really busy. Right. And he may or may not have remembered it at the time it was presented on August 11th, the time the trial commenced. But we don't know what may have triggered memories during the trial. Oh, yeah, I remember that 10 page affidavit in his mind. The idea, though, is when you waive that jury, that that solemn jury trial, that right, that's so fundamental. Are you doing it with the information that is fair and full? And then when the government submits this affidavit, it's not an it's not a burdensome process. The judge simply says, sir, do you want to continue with the bench trial? I'm here. I'm ready. I think I'll be unbiased. Just a 20 second calculate, 20 second discussion. His attorney is saying, listen, I never would have waived that jury. I would never have done it if I know that you're reading 10 pages of affidavit. And, you know, we just want to err on the side of caution. And from the bias standpoint, I get it. We have an issue. We presume that they're not biased. I understand it. But from the defendant, the petitioner standpoint, going into that courtroom, not knowing that in six months, two months, two weeks or a minute, the lay of the land might change. The question is, how presumptive are we? How are we going to look at those kind of facts? In this case, 10 pages of affidavits and the plea from his attorney, I think, are substantial to have given rise to this petition and the relief that the petitioner is requesting. And this, of course, is an ethnic case, right? I mean, you've got a very high burden here, do you not? What is your best case that you think supports you? Well, it's just the general U.S. Supreme Court precedent on the right to a jury trial, and that if you waive it, what you really are waiving and what conditions there are that you're waiving it under. You have no specific case that gets down to something? Well, Gentile v. State Bar of Nevada. There's the fundamental right to a fair trial, the case law that has followed it in years of historical case law that says, you waive a jury trial, you do it knowingly, freely, and voluntarily. All right. We will hear from the Warden's Council, Mr. Shimkus. Good morning, Your Honors. May it please the Court. Assistant Attorney General Scott Shimkus, appearing on behalf of the Respondent, Warden Randy Reworkers. Both of Cameron's claims must fail given that the Michigan Court of Appeals reasonably adjudicated them on the merits, shielding them under AEDPA. Indeed, as long as fair-minded jurists could disagree with the holdings, which they could, Cameron cannot be entitled to habeas relief. And this is for two reasons. First, Cameron has not shown that the trial court was actually biased by virtue of signing the search warrant application in this case. And second, his counsel did challenge the trial court's actions, defeating any deficient performance. And in any event, he cannot show actual prejudice for the trial court explicitly stated, as Judge Tappar pointed out, that he did not remember any details of the warrant application. And yet, the facts otherwise strongly show Cameron's guilt in this case. Now, going to counsel's first point about the characterization, if you will, of the first point, and that Petitioner characterizes it more as a waiver of the jury trial issue, and that we characterize it more as a bias claim. Your Honors, to be clear, that's not us characterizing the claim as a bias claim. That's the claim that was certified for appeal from the district court in this case. If we look at the COA in this case, the certificate of appealability that was issued by this court, it states that in ground two, this is on page four of the COA, in ground two, Cameron argued that he did not receive a fair trial because the judge who presided over his bench trial is the same judge that previously authorized a search warrant after reviewing the affidavit that contained inadmissible evidence. The discussion of that did not include the waiver issue here. Now, we certainly don't lose on the waiver issue either, because these are pretty substantially related to each other. But I just want to be clear to this court that the issue truly is whether the trial court was biased because of the affidavit review in this case, and the court was not biased. As Judge DeParle pointed out, in Harris v. Rivera, the U.S. Supreme Court has explicitly stated that judges essentially hear inadmissible evidence all the time, and that's going to be especially true in bench trials, because we're talking about someone who necessarily has to serve as both the adjudicator of claims and issues and the facts themselves. So, and we see that all the time, right? With pretrial hearings, such as in Michigan, we could have a Walker hearing, which is talking about the defendant's confession and whether that confession would be admissible at trial, whether the jury should hear that, or if it's a bench trial, whether the jury should consider that in weighing the factual determination about whether the defendant is guilty of the charges he faces. We also see that with things like Daubert hearings, with expert witnesses, whether an expert should be allowed to testify, whether the opinion from the expert should be allowed to be considered by the trier of fact. And again, that is true with anything in your opposing counsel's brief, when he argues that bias on the part of the trial judge was evidenced by the record or by anything the judge did, or is it just speculation that the that the judge would be biased or there should be some sort of per se rule against a judge having considered a warrant application. In other words, I guess I'm talking about whether there's a prejudice requirement. Well, Your Honor, my apologies. Yeah, there's a little bit of a delay here, I think. That's all right. I just wanted to make sure I wasn't speaking over you, Your Honor. So we don't make the contention in our briefing, and I'm not sure that opposing counsel makes a point of it in their brief either, that there is a prejudice or some sort of harmlessness inquiry here. I mean, we certainly recognize that there is case law out there that says a judicial bias claim, if it's proved, if it's shown that there is a constitutional violation, because of judicial bias, that that is not subject to harmless error review. That's not to say the same of the ineffective assistance of counsel claim. That certainly is subject to a prejudice analysis. But as far as the judicial bias claim, they only need to prove that the judge was actually biased. And we know that from United States versus Armstrong, that there has to be actual bias. And if they cannot prove actual bias, then really the inquiry ends. I also like to point this court to a case that was actually cited within Coley versus Badgley, which is a case that we rely on fairly heavily in this case. And Coley cites to Gillard versus Mitchell, and that's at site 445 F3 883, specifically page 893. And that's a published decision from this court in 2006. And that actually speaks to a pretrial ex parte proceeding, where the trial judge learned of bad facts about the defendant. And this court decided that there was no bias shown in that case. And that's precisely the claim that Mr. Cameron is making here, that an ex parte pretrial proceeding showed the judge bad facts that he could not either contest in the moment, as he seems to be conceding here, that that's not necessarily the issue, but the waiver issue. You know, Gillard versus Mitchell really is an on point case here. The other thing that we see is when the prosecutor moved to revoke Mr. Cameron's bond in this case, approximately looks like six days after the search was conducted, a lot of facts from the search and the facts upon which the search warrant application was based, did come to light during that proceeding. And counsel did not move to revoke the waiver at that time. He didn't ask for another colloquy. The issue did not come up, even though, for instance, if we look at the transcript for the bond hearing, that, let's see. So the prosecutor pointed out, for instance, that weapons were found in the home, that Mr. Cameron was in possession of marijuana and over 300 pills of Xanax, both of which he said he was going to sell for profit. This appears in document 5-4, page ID 120, that these facts came out and there was no issue with any sort of judicial bias for learning these facts. And again, all of this information is coming out after the waiver in this case. So the court knew this the defendant still didn't raise this issue. It wasn't until the first day of trial that it came up. And that's when, as again, as Judge DePauw pointed out, the court said, I didn't remember any of that. And we don't necessarily even have to take the court's word for it that they didn't use or didn't remember this information when coming to their decision. Because in one way, the benefit of this being a bench trial is that the judge is required to put their findings on the record. The jury doesn't necessarily have to do that. They just come to a verdict. But in this case, we have a transcript of the judge's reasons for finding the defendant guilty. And looking at those reasons, none of them rested on any of the facts that the judge would have learned through that affidavit several months prior. You know, approximately two months before. That information simply isn't in the record. And then, again, Your Honor, it's going to the ineffective assistance of counsel claim. Our position is that counsel didn't perform deficiently because he did raise this issue. It's not something that came up after the fact. He had to file a motion for relief from judgment or anything like that. Counsel gave the trial court an opportunity to confront this issue and possibly revoke the waiver, but that didn't occur. And, of course, our position is also that he cannot show any prejudice here because the trial court explicitly said, I didn't remember. We can look at the trial court's reasonings for knowing that they didn't rely on anything from the affidavit. And the facts in this case were otherwise strong. We had an eyewitness identification from someone who was familiar, at least by sight, with Mr. Cameron. She also ID'd him in a photographic line-up, and there were guns recovered from the defendant's home, even though he at least attempted to distance himself from those guns. And that witness that originally claimed she couldn't identify him, right? That's correct, Your Honor, and she stated that was because she was afraid for her safety and her daughter's safety. She was clear about that, and defense counsel did indeed cross-examine her about that as well. So the issue was fully vetted before the trial court, and the trial court noted that. And their reasoning at the end of the case, the trial court admitted that they sort of grappled with that issue and then identified the reasons for saying that it was understandable, if you will, that the victim didn't identify Mr. Cameron, at least by name, initially. She did provide a sketch of him. In fact, Mr. Cameron admitted in his own testimony that he at least tried to confront the victim with the sketch to see if it was him, but she locked him out of the office because, well, she was afraid of him, and for good reason, because he put a gun in her face. And so for these reasons, Your Honors, I'm more than happy to answer any other questions, but if the court doesn't have any further questions, we do ask this court to affirm the district court's finding in this case in denying the habeas relief to Mr. Cameron. All right. In rebuttal? Again, Sanford Schulman on behalf of the petitioner. In rebuttal, I just want to note that the brief that I submitted does provide significant case laws, relates to the fundamental rights of an impartial jury or any kind of trier fact. In rebuttal, I'd just like to note that when we as trial petitioners are vordering a jury, we're doing that because we don't know who these individuals are, and we're trying to avoid any bias. We're trying to avoid any prejudice, anything like that. But with a bench trial, you typically don't seem to have that process. And that's why this little protective measure of a judge saying, listen, I got some additional information, and while I think I can be fair, I just want to give you the opportunity to understand that I have read this 10-page affidavit. And we presume the judge did read it. And so the bias issue, while it may not have been clearly any kind of bias that he's related to somebody or something like that, by presenting him with all these pages of affidavits and all these allegations unrelated, was the type of vordeer that a defense lawyer would have conducted prior to a jury trial. And I'm just trying to make the analogy because that judge is the trier fact, and he stands in and replaces that fundamental right. And the case law, Marshall v. Jericho, 446 U.S. 238, 1980 case, presumes that we're going to have an impartial disinterested tribunal, whether it's a judge or the ineffective assistance of counsel. And I know Respondent is sort of hedging his bets on both sides. He's saying that the trial court attorney didn't raise this issue, didn't present it in a timely manner. But then again, then it was raised later. And I just want to leave you with the words of the defense lawyer when he realized the night before he had read that application for a search warrant, that he realized that the judge had read 10 pages, and he literally comes into court saying, you know, this affidavit, quote, calls him a drug dealer and a money launder. And there's no evidence of that. And had that happened prior to the jury waiver, I never would have waived a jury. And I think those words echo throughout our request. And I think that is so fundamental that this habeas petition, I think, stands on its merits. Well, let me ask one final question here, Doug. Are you of the view that the trial judge at any time in the proceedings did or said anything that indicated bias against your client? No, nothing objectively that was a bias. Only thing I can say is that his exposure to all this affidavits presented an opportunity for the defense to have said, listen, we don't think that you can set it aside. And we should be able to make that call. Not you. We should make that call. And but we presume that he was fair. Yes. All right. Thank you. And the case is submitted.